IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER F., et al. | § | |
| | § | |
| V. | § | 1:18-cv-0768-LY |
| | § | |
| AUSTIN IND. SCHOOL DISTRICT | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Parents Opposed Motion for Disallowance of Defendant's Bill of Costs (Dkt. 38)undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

The district judge entered a take nothing judgment in this case on November 30, 2020, and directed that "Austin Independent School District is awarded costs of court." AISD timely submitted its bill of costs, seeking the following:

Fees and disbursements for printing:

| | |
|---|---|
| Administrative Record from Inservio3 | $239.59 |
| Copies for bench trial – see RMG Invoice No. 47302 | $666.60 |
| TOTAL | $906.19 |

The Plaintiffs oppose both items, contending that neither qualify as "costs" under by 28 U.S.C. § 1920.[1]

---

[1] Plaintiffs also argue that costs are only recoverable under the IDEA if the court finds that the action was frivolous, unreasonable, or without foundation. Dkt. 38 at 2. As AISD notes, this only applies to a situation where attorney's fees are *added* to costs, which is not the case here. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006).

In determining an appropriate award of costs a court has broad discretion. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). A court is to give "careful scrutiny" to the items proposed by the prevailing party. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964)). The burden of proof is on the party seeking recovery of its costs to demonstrate the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The Court is free to decline to award costs where the expenses are not deemed to have been "reasonably necessary" to the litigation. *See, e.g., Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257-58 (5th Cir. 1997). As one district judge has noted, when the costs are objected to, "the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case." *Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, 2009 WL 1457632, at *3 (S.D. Tex. May 26, 2009).

All of the costs AISD seeks are costs for copying the administrative record. The first item ($239.59) appears to be for one copy of the record, while the second item ($666.60) apparently represents the costs for additional copies of the record made for "trial."[2] As to the first item, given that a case under the IDEA comes to the court "on the record," *E.R. v. Spring Branch Ind. Sch. Dist.*, 909 F.3d 754, 762 (5th Cir. 2018), it is reasonably necessary for the attorney for a party to have a copy the record to present the case to the court. The need for additional copies is different matter. As the Plaintiffs point out, the record was filed with the Court early in the suit, and was thus readily available to it. Dkt. 6. Given that the Court's docket already contained the record at the time of the trial, copies for use at trial were not "reasonably necessary," and are thus not recoverable.

---

[2]While the final hearing in this case has been referred to as a "bench trial," the hearing consisted entirely of oral argument, no witnesses were called, and the only exhibit was a copy of the administrative record. Dkt. 29.

Based upon the foregoing, the Court **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Plaintiff Parents Opposed Motion for Disallowance of Defendant's Bill of Costs (Dkt. 38), disallow the recovery $666.60 as costs, and permit the recovery of $239.59.

The Clerk is directed to remove this case from the undersigned's docket, and return it to the docket of Judge Yeakel.

## WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE